IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | : | CIVIL NO. 1:CV-10-2622 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DISTRICT ATTORNEY'S OFFICE, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Andre Jacobs ("Jacobs") filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2012, he was granted leave to file an amended complaint in this matter. (Doc. No. 76.) An amended complaint was filed on January 22, 2013, naming in excess of 100 Defendants and consisting of over 200 handwritten pages. The allegations chronicle numerous incidents of civil rights violations at four (4) separate Pennsylvania State Correctional Institutions between 2008 and 2010. Motions to strike and/or dismiss the amended complaint have been filed by the Defendants and will be addressed in a separate Memorandum and Order. Presently before the Court for resolution is Jacobs' motion seeking reconsideration of an earlier order issued by the Court denying his request for access to a typewriter. (Doc. No. 70.) For the reasons that follow, the motion for reconsideration will be denied.

**I.    Background**

On February 28, 2012, Jacobs filed a document entitled "Motion for Court Order for Access to a Typewriter." (Doc. No. 56.) In the motion, he requested that Defendants be directed to provide him with a typewriter for purposes of litigating this action. He claimed that his hand had been broken in 1996 and believes it healed wrong because he has pain when he uses it. He further stated that typewriters are available for purchase in the commissary at the prison and that

he is willing to pay for a typewriter out of his own expenses.

In ruling on the motion, the Court found that while Jacobs has a constitutional right of access to the courts, see Bounds v. Smith, 430 U.S. 817, 821 (1977), there is no constitutional right to have access to a typewriter while in prison. Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985). (Doc. No. 62, 7/24/12 Memorandum at 2.) The Court cited to various circuit court opinions holding that inmates have no right to a typewriter to prepare legal documents as long as there remains some other means of preparing legal documents. (Id.) To the extent Jacobs complained of pain when writing, the docket clearly demonstrated that this did not deter his efforts from submitting legal filings both frequent in nature and epic in length. Further, Jacobs did state that typewriters were available for purchase and that he was willing to use his own funds to purchase one. For these reasons, his motion to order Defendants to provide him with a typewriter was denied.

Jacobs moves for reconsideration of this decision. (Doc. No. 70.) He claims that although he is willing to buy a typewriter, the prison will not allow him to do so. As a result, he contends that his efforts to litigate the instant action are being obstructed. He further maintains that inmates are permitted radios, televisions and typewriters in their cells and that he has a medically-based need for a typewriter.

**II.     Discussion**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following: "(1) an intervening change in controlling law; (2) the availability of

2

new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by LouAnn, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." McDowell Oil Serv. Inc. v. Interstate Fire & Cas. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993). Lastly, the reconsideration of a judgment is an extraordinary remedy, and should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Jacobs fails to present any basis for reconsidering the Court's denial of his request to order Defendants to provide him with a typewriter. The facts remain that Jacobs has no constitutional right to the use of a typewriter while confined in prison, he has presented no plausible evidence of a medical need demonstrating his inability to prepare handwritten legal filings, and the docket evidences his ability to prepare and submit legal documents and fully litigate this action without the assistance of a typewriter. Moreover, to the extent Jacobs seeks to raise some form of equal protection claim due to the denial of any request to purchase a typewriter, this issue is more appropriately pursued in a new action. For these reasons, the pending motion for reconsideration will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE JACOBS, : CIVIL NO. 1:CV-10-2622
    Plaintiff, :
: (Chief Judge Kane)
v. :
:
DISTRICT ATTORNEY'S OFFICE, et al., :
    Defendants :

## **ORDER**

**NOW, THIS 16th DAY OF JULY, 2013**, upon consideration of Plaintiff's motion for reconsideration (Doc. No. 70), **IT IS HEREBY ORDERED THAT** the motion is **denied**.

        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania