**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE JACOBS,** | : | **No. 1:cv-10-2622** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **DISTRICT ATTORNEY'S OFFICE,** | : | |
| **et al.,** | : | |
| **Defendants** | | |

**MEMORANDUM**

Before the Court are Defendants' motions to dismiss and/or strike Plaintiff's amended

complaint (Doc. Nos. 84, 87, 95), and Plaintiff's motion for an extension of time to respond to

those motions and/or stay the case pending the Court's decision on those motions (Doc. No. 97).

For the following reasons, the Court will grant Defendants' motions to strike the amended

complaint, and deny Plaintiff's motion for an extension of time and/or to stay the case.

**I.      BACKGROUND**

Plaintiff Andre Jacobs, an inmate confined at the State Correctional Institution at Albion,

Pennsylvania, filed this civil rights action on December 22, 2010, pursuant to 42 U.S.C. § 1983.

Plaintiff's original complaint named over one-hundred Defendants, primarily officials and

employees of the Pennsylvania Department of Corrections.  In his complaint, Plaintiff alleged a

large number of claims that spanned his confinement at four different Pennsylvania prisons,

beginning in November 2008 and continuing through to the filing of this action in late December

2010.  In response to the complaint, Defendants filed motions to dismiss, citing numerous

deficiencies with Plaintiff's complaint.  (Doc. Nos. 27, 43, 47, 59.)  Despite seeking several

enlargements of time to oppose the motions (Doc. Nos. 45, 64), Plaintiff never submitted

opposing briefs. Instead, he filed a motion requesting leave to amend/correct his complaint. (Doc. No. 69.)

On September 18, 2012, the Court granted Plaintiff's request to file an amended complaint in order to cure defects in the original complaint and to present viable claims. (Doc. No. 76.) The Court further denied Defendants' motions to dismiss without prejudice, giving them the opportunity to file renewed motions following the submission of Plaintiff's amended complaint. (Id.) In allowing Plaintiff to file an amended complaint, the Court identified many of the problems that existed in the original complaint, including Plaintiff's failure to allege personal involvement with respect to many of the named defendants. Plaintiff was advised that his amended complaint must comply with Fed. R. Civ. P. 8, set forth the requisite degree of factual specificity, and identify the defendants and their particular conduct that allegedly harmed him. Plaintiff was warned that the amended complaint must be a new pleading that stands on its own, without reference to the original complaint. See Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). He was further warned that the amended complaint must comply with Fed. R. Civ. P. 20(a) and set forth only related claims and parties.[1]

On January 22, 2013, Plaintiff submitted his amended complaint. (Doc. No. 83.) In this 218-page filing containing over 800 paragraphs, Plaintiff names over 130 defendants, and sets forth incidents and civil rights deprivations allegedly occurring at multiple Pennsylvania state prisons between 2008 and 2010. While many of the Defendants named are those named in the

---

[1] Fed. R. Civ. P. 20(a)(2) specifically provides that persons may be joined in one action as defendants where (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action.

original complaint, Plaintiff also adds numerous new Defendants.

Three groups of Defendants named in the original complaint have filed motions to dismiss and/or strike the amended complaint as improper. (Doc. Nos. 84, 87, 95.) All concur that Plaintiff's filing is not in compliance with this Court's directive of September 18, 2012.

## II. DISCUSSION

The Court agrees that Plaintiff's amended complaint is improper. Plaintiff's submission adds new defendants, causes of action and allegations at prisons, some of which are not in the Middle District of Pennsylvania. It also raises numerous claims that are barred by the statute of limitations. The document does not comply with Fed. R. Civ. P. 8 and 20(a), weaves together unrelated and distinct causes of action against separate Defendants, and makes it virtually impossible for Defendants to prepare responsive pleadings. In fact, Plaintiff appears to combine numerous unrelated lawsuits into one complaint. Any attempt to do so is improper.

For these reasons, the amended complaint (Doc. No. 83) will be stricken as an improper attempt to amend. Plaintiff will be afforded one final opportunity to submit an amended complaint that complies with both Fed. R. Civ. P. 8 and 20(a). Failure to do so will result in the dismissal of this action for failure to comply with orders issued by the Court. In light of this order, Plaintiff's pending motion for extension of time and/or to stay Defendants' motions to dismiss (Doc. No. 97) will be denied as moot. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


ANDRE JACOBS,     :  No. 1:cv-10-2622
  Plaintiff,      :
           :   (Judge Kane)
  v.         :
           :
DISTRICT ATTORNEY'S OFFICE, :
et al.,        :
  Defendants

## ORDER

  **AND NOW**, this 30th day of September, 2013, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

  1.  The motions to dismiss and/or strike the amended complaint filed by Defendants
     Ryan and Prison Health Services (Doc. No. 84), the Commonwealth Defendants
     (Doc. No. 87), and Defendants Dr. Jesse and MHM (Doc. No. 95) are
     **GRANTED**.  The amended complaint filed by Plaintiff (Doc. No. 83) is
     **STRICKEN FROM THE RECORD**.  The Clerk of Court is directed to make
     the appropriate notation on the docket.

  2.  Within twenty days from the date of this order, Plaintiff shall file an amended
     complaint in accordance with the standard identified in the accompanying
     Memorandum.

  3.  Plaintiff's motion for extension of time/to stay this case (Doc. No. 97) is
     **DENIED AS MOOT**.


            S/ Yvette Kane_____
            Judge Yvette Kane
            United States District Court
            Middle District of Pennsylvania