**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE JACOBS,** | : | CIVIL NO. 1:CV-10-2622 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **DISTRICT ATTORNEY'S OFFICE,** | : | |
| et al., | : | |
| Defendants | | |

**MEMORANDUM**

Andre Jacobs ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 22, 2010. He is currently confined at the State Correctional Institution at Albion, Pennsylvania. Pending before the Court for consideration are Plaintiff's motion to accept modified version of complaint and additional filing fees (Doc. No. 107), motion to transfer case (Doc. No. 110) and proposed second amended complaint (Doc. No. 113). Also pending is a motion to strike the amended complaint by Defendants Bohinski, Davis, Meyers, and Prison Health Services (Doc. No. 114), and a motion to dismiss filed by Defendants Carroll, District Attorney's Office and Pedri (Doc. No. 116).

**I.   Background**

Plaintiff's original complaint names over one hundred (100) Defendants, primarily officials and employees of the Pennsylvania Department of Corrections, but also includes several State government officials and offices. He alleges a vast number of claims that span his confinement at four (4) different Pennsylvania prisons, beginning in November of 2008 and continuing through the filing of this action. Motions to dismiss were filed by Defendants citing numerous deficiencies in the complaint. Despite seeking several enlargements of time to oppose Defendants' motions, Plaintiff never submitted opposition briefs. Rather, he filed a motion

requesting leave to amend/correct his complaint.

On September 18, 2012, the Court granted Plaintiff's motion to allow him the opportunity to cure the defects in his original complaint, and present viable claims in a proper amended complaint. (Doc. No. 76.) Defendants' motions to dismiss were denied without prejudice at that time. In allowing the filing of an amended complaint, the Court identified many of the deficiencies in the original complaint including the failure to allege personal involvement on behalf of each Defendant. Plaintiff was advised that his amended complaint must comply with Fed. R. Civ. P. 8, setting forth the requisite degree of factual specificity and identifying the defendants and their particular conduct that allegedly harmed him. He was warned that the amended complaint must be a new pleading that stands on its own, without reference to the original complaint. See Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). He was also advised that the amended complaint must comply with Fed. R. Civ. P. 20(a) and set forth only related claims and parties.

On January 22, 2013, an amended complaint was filed. (Doc. No. 83.) The document was 218 pages in length, contained over 800 paragraphs, and named over 130 defendants. The incidents set forth occurred at multiple Pennsylvania state prisons between 2008 and 2010. The named defendants included many of the same Defendants as set forth in the original complaint, but numerous new defendants were also included. Thereafter, three groups of the original Defendants filed motions to dismiss and/or strike the amended complaint as improper and in violation of the Court's order of September 18, 2012.

On September 30, 2013, Defendants' motions were granted and Plaintiff's amended complaint was stricken from the record. Plaintiff was afforded twenty days within which to

submit a proper amended complaint in compliance with the directions provided to him by the Court on September 18, 2013. (Doc. No. 103.)

On October 11, 2013, Plaintiff sought and was granted an enlargement of time to file an amended complaint. (Doc. Nos. 104, 105.) Instead of filing an amended complaint, he proceeded to file a number of documents between October 31, 2014 and February 12, 2014. These submissions included a "Notice and Update on Inability to Respond" (Doc. No. 106), a Motion to Accept Modified Version of Complaint and Additional Filing Fees (Doc. No. 107) and a Motion to Transfer Case (Doc. No. 110). On March 6, 2014, he submitted a proposed second amended complaint (Doc. No. 113).

A motion to strike the second amended complaint has been filed by Defendants Bohinski, Davis Meyers and Prison Health Service. (Doc. Nos. 114.) A motion to dismiss the second amended complaint was filed by Defendants Carroll, District Attorney's Office and Pedri. (Doc. No. 116.) Plaintiff has filed opposition to both motions.

**II. Discussion**

Although the Court granted Plaintiff's request to file an amended complaint in this action on September 18, 2012, the first amended complaint ultimately submitted on January 22, 2013 failed to comply with Fed. R. Civ. P 8 and 20(a). Defendants' motions to dismiss the amended complaint were granted, and Plaintiff was given a second opportunity to submit a proper amended complaint. Since that time, instead of filing an amended complaint in compliance with the Court's directive, Plaintiff sought and was granted an extension of time until November 8, 2013 to do so. However, on October 31, 2013, he notified the Court of his "inability" to file an amended complaint due to a temporary two (2) week transfer to another prison where he would

not have access to his legal files.[1]  Thereafter, on January 21, 2014, Plaintiff sent a proposal to the Court requesting that we divide his civil action into the following three separate lawsuits: (1) DOC Defendants from SCI-Pittsburgh, SCI-Dallas and SCI-Coal Township; (2) all medical defendants from all prisons and their contractors; and (3) the District Attorneys Office and all other defendants connected to the criminal charges brought against Plaintiff and his co-defendants.  (Doc. No. 107.)  In filing this proposal, Plaintiff also included a check issued by SCI-Albion in the amount of $710.00 to "cover the costs" of the additional two actions.  The Clerk's Office inadvertently failed to discover the check in the envelope when Plaintiff's mail was opened.  The Court only located the check recently after noticing no docket entry for the receipt of the check and subsequent filings from Plaintiff insisting the check had been sent.  The check was thereafter located in the file in the original envelope.[2]

       The Court declines Plaintiff's invitation to "split" his original complaint into 3 separate actions for the following reasons.   First, Plaintiff has not submitted any proposed amended complaints attempting to do so.  It is not the Court's responsibility to search through Plaintiff's original scattershot complaint numbering 52 pages and naming over 100 Defendants at various Pennsylvania prisons in an attempt to divide the matter into separate actions.  More importantly, Plaintiff overlooks the fact that the original complaint contains numerous procedural deficiencies

---

[1] This filing is now of little significance since Plaintiff has been back at SCI-Albion for months.

[2] The Court assumes these funds were withdrawn from Plaintiff's account at the time the prison issued the check to the Court.  However, because of the passage of time since the issuance of the check, and the oversight on the part of the Clerk's Office, the check can no longer be redeemed.  It is being held temporarily in the court vault and, for the following reasons, will be returned to the prison with the instruction to re-deposit these funds in Plaintiff's account.

including the failure to allege personal involvement on behalf of many named Defendants, suing every individual he came in contact with over a number of years and in violation of Fed. R. Civ. P. 20(a), and clear venue concerns. For these reasons, the Court will not accept Plaintiff's proposal to fashion a modified version of his complaint by dividing it into 3 separate actions, and will return his check to the financial department at SCI-Albion with the instruction to re-deposit the funds into Plaintiff's inmate account.

Plaintiff next requests that the Court transfer this action for lack of jurisdiction to the Western or Eastern District of Pennsylvania. (Doc. No. 110.) He claims that when he filed his first amended complaint, he no longer included Defendants located at SCI-Huntingdon. Plaintiff states that "the Federal Rules require a federal suit to be filed or maintained in a District where the plaintiff is and where the majority of defendants are located." (Id. at 2.) He argues that the majority of Defendants in his action are located at SCI-Dallas located in the Eastern District of Pennsylvania. He further argues that he is confined at SCI-Albion, and a large portion of the Defendants are located at SCI-Fayette, all located within the Western District of Pennsylvania. For these reasons, he states that this Court lacks jurisdiction over the above-captioned matter and must transfer the case to the Eastern or Western District to be in compliance with the Federal Rules of Civil Procedure.

The Court will deny Plaintiff's motion to transfer this action for the following reasons. The first amended complaint referred to by Plaintiff was stricken from the record on September 30, 2013, pursuant to the granting of Defendants' motions to strike. (Doc. No. 103.) Further, while Plaintiff maintains that the majority of Defendants named in the amended complaint are employed at SCI-Dallas, this prison is located within the Middle District of Pennsylvania, not the

Eastern District of Pennsylvania.

On September 18, 2012, almost two (2) years ago, Plaintiff's motion for leave to amend/correct his original complaint was granted, and pending motions to dismiss/strike filed by Defendants were denied. (Doc. No. 76.) After seeking an enlargement of time within which to submit his amended complaint, Plaintiff filed a 218-page document containing over 800 paragraphs and naming over 130 defendants. He set forth incidents alleging civil rights deprivations allegedly occurring at multiple Pennsylvania state prisons between 2008 and 2010. (Doc. No. 83.) Three groups of Defendants named in the amended complaint filed motions to dismiss and/or strike the amended complaint as improper and non-compliant with this Court's Memorandum and Order of September 18, 2012. The Court agreed, directed the Clerk of Court to strike the amended complaint, and afforded Plaintiff yet another opportunity to submit an amended complaint.

Instead of doing so, he filed each of the documents addressed above including a request for an enlargement to file his second amended complaint, a Notice of Inability to file the amended complaint, a proposal requesting the Court to divide his complaint into three complaints, and a motion to transfer this action. It was not until March 6, 2014, that he filed his proposed second amended complaint in this action. (Doc. No. 113.) In reviewing his submission, the Court finds that Plaintiff once again fails to comply with the prior orders of this Court and the Rules of Civil Procedure for the reasons that follow.

The second amended complaint submitted is not only untimely, but consists of 59 pages

and almost 800 paragraphs.³ Plaintiff again sets forth a myriad of incidents allegedly occurring at several prisons, not all located in this District, and occurring over a span of several years. He again makes no attempt to comply with the prior orders of this Court to submit a viable complaint in compliance with Federal Rules of Civil Procedure 8 and 20(a). The second amended complaint, like the complaints before it, contains a laundry list of claims occurring at different correctional institutions in Pennsylvania. He attempts to tie the claims together by alleging an overall grand scheme of retaliation existing between every Pennsylvania DOC official and government employee he has come in contact with since he received a favorable jury verdict in November of 2008 against three employees of the DOC.

For these reasons, a motion to strike the second amended complaint has been filed by Medical Defendants Prison Health Services, Inc., Bohinski, Davis and Meyer. (Doc. No. 114.) Defendants Luzerne County District Attorney's Office, Carroll and Pedri have also filed a motion to dismiss the second amended complaint. (Doc. No. 116.) Because Plaintiff's second amended complaint again fails to comply with the prior directives of this Court, the motion to strike will be granted and the proposed second amended complaint (Doc. No. 113) will be stricken from the record. Defendants' motion to dismiss will be dismissed as moot, and the original complaint (Doc. No. 1) will be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A district court is authorized to dismiss a complaint for the plaintiff's failure to prosecute

---

³ Although Plaintiff did submit a letter to the Court on February 12, 2014 stating that he had just been given full access to his legal papers on February 7, 2014, and requesting thirty (30) additional days within which to submit his second amended complaint (Doc. No. 112), this informal request for an enlargement was not timely submitted.

pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part: "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although none of the Defendants have formally moved for dismissal pursuant to Rule 41(b), the Third Circuit has long held that Rule 41(b) does not prohibit the sua sponte dismissal of actions. See Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967); see also Binsack v. Lackawanna County Dist. Attorney's Office, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Kenney, 381 F.2d at 777 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)); see also Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002); Collinsgru v. Palmyra Bd. of Educ., 161F.3d 225, 230 (3d Cir. 1998)("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b).")

In determining whether to dismiss an action for failure to prosecute, the court must balance the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1994). The factors to be considered are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

>discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.

In exercising its discretion, the Court is mindful that Poulis does not provide a magic formula whereby to decide whether to dismiss or not to dismiss a plaintiff's complaint for failure to prosecute. See Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011); Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008); Mindek, 964 F.2d at 1373. In balancing the Poulis factors, courts do not employ a mechanical calculation. Mindek, 964 F.2d at 1373; Briscoe, 538 F.3d at 263. The Court of Appeals for the Third Circuit has recognized that "not all of the Poulis factors need be satisfied in order to dismiss a complaint. See C.T. Bedwell & Sons, Inc. v. Int'l. Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id. Consistent with this view, it is well-settled that no single Poulis factor is dispositive, see Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).

A careful assessment of the Poulis factors in this case weighs heavily in favor of dismissing this action. A consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the plaintiff, who has repeatedly failed to abide by court orders and neglected to litigate this case by submitting a proper amended complaint. The Court acknowledges that for a period of approximately 3½ months he was delayed in preparing his filing due to his temporary transfer to the Luzerne County Correctional Facility, and that prior to that time he had been transferred between state correctional facilities. However, since the time the Court first granted Plaintiff

leave to file an amended complaint in this matter on September 18, 2012, it is clear he has had possession of the documents he claims were necessary to draft his filing.  In fact, he admits he was given full access to his legal property on February 7, 2014.  (Doc. No. 112.)  Moreover, it is interesting to note that more than a year prior to that time, on January 22, 2013, he was able to file his first proposed amended complaint containing over 800 paragraphs and naming over 130 Defendants without the benefit of any such documents. (Doc. No. 83.)  Since first being afforded the opportunity to file an amended complaint in this action, Plaintiff has either filed motions to delay filing a viable amended complaint or amended complaints that fail to comply with the Court's directives.

Similarly, the second Poulis factor - the prejudice to the adversary caused by the failure to abide by court orders- also calls for the dismissal of this action.  As the Third Circuit has observed, this factor is entitled to great weight and careful consideration:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment."  Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal quotation marks and citation omitted).  Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted) .... However, prejudice is not limited to "irremediable" or "irreparable" harm.  Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988).  It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  Ware, 322 F.3d at 222.

Briscoe v. Klaus, 538 F.3d at 259-60.

In the instant case, Plaintiff's failure to litigate this action or comply with court orders now wholly frustrates and delays resolution of this action.  The Defendants are prejudiced by Plaintiff's continuing failure to file a proper amended complaint and dismissal of the case clearly

10

rests in the discretion of this Court.  See Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007)(failure to file amended complaint prejudices defense and compels dismissal). Thus far, although several groups of Defendants have invested time in preparing and filing motions to dismiss and/or strike on at least two occasions, they are no further along in their efforts to have Plaintiff file a proper amended complaint in this action.

      The third Poulis factor focuses on the history of dilatoriness on Plaintiff's part.  In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response ..., or consistent tardiness in complying with court orders.'  Adams, 29 F.3d at 874."  Briscoe, 538 F.3d at 260-61.  Here, the Court has afforded Plaintiff several opportunities to file a proper amended complaint in compliance with Federal Rules of Civil Procedure 8 and 20, and he continues to file either motions to delay doing so or proposed amended complaints that fail to adhere to the directives of this Court.

      The fourth Poulis factor - whether the conduct of the party or the attorney was willful or in bad faith - also does not weigh in Plaintiff's favor for the following reasons.   Under the circumstances of this case, the Court must assess whether Plaintiff's conduct reflects mere inadvertence or willful conduct, in that it involves "strategic," "intentional or self-serving behavior," and not mere negligence.  See Adams, 29 F.3d at 875.  At this point in the case, Plaintiff has failed to comply with the Court's instructions directing him to take specific actions in this case and advising him how to do so.  The Court is thus compelled to conclude that his actions are not accidental or inadvertent, but rather reflect an intentional disregard for the Court's directives and this case.

      The effectiveness of sanctions other than dismissal is the fifth Poulis factor to be

considered.  However, in this case, where the Court is faced with a <u>pro se</u> litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative.  <u>See</u>, e.g., <u>Briscoe</u>, 538 F.3d at 262-63; <u>Emerson</u>, 296 F.3d at 191.  The present case presents a scenario where Plaintiff's <u>pro se</u> status greatly limits the Court's ability to utilize other lesser sanctions to ensure that this case progresses in an orderly fashion.  Thus far, the Court has issued orders advising Plaintiff on his obligations in this case, but to no avail.  He still declines to follow the orders.  Since lesser sanctions have been tried and have been unsuccessful, only the sanction of dismissal remains available to the Court.

  Finally, under <u>Poulis</u> we are required to consider the meritoriousness of Plaintiff's claims.  Because Plaintiff has been non-compliant with his obligations as a litigant and refuses to submit an amended complaint setting forth the merits of his claims, his failure to do so cannot be used as a grounds for denying a sanction of dismissal.  In addition, Plaintiff sets forth allegations of numerous incidents occurring at several different Pennsylvania state correctional institutions over several years.  These claims include, but are not limited to, numerous instances of retaliation, cruel and unusual conditions of confinement, failure to process grievances, denial of medical treatment, fabricated misconducts, denial of due process, improper transfer, discrimination, failure to protect, defamation, excessive force, denial of access to the courts and denial of religious rights.  He attempts to tie all claims together against over 113 Defendants located at different prisons by generally alleging an overall conspiracy to retaliate against him because he received a jury verdict in his favor in 2008 against the DOC.  The untested merits of these claims that Plaintiff has failed to properly amend, despite ample opportunity to do so, cannot prevent the imposition of sanctions.

Based on the foregoing, the Poulis factors counsel in favor of dismissal. In this situation, where a pro se plaintiff fails to timely submit a proper amended complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's failure to comply with Court directives. This course was endorsed by the Third Circuit Court of Appeals in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). The Court observed that:

> The District Court ... allowed [the pro se plaintiff] twenty days in which to file an amended complaint. [The pro se plaintiff] failed to do so. Because [the pro se plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the pro se plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir. 1996). The District Court expressly warned [the pro se plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

For these reasons, in this case where Plaintiff has failed to comply with Court orders, and has failed to amend his deficient complaint despite being ordered on several occasions to do so, the complaint will be dismissed for failure to prosecute without further leave to amend. An appropriate order follows.