IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE JACOBS,  :
    Plaintiff  :
     :    No. 1:10-cv-2622
    v.  :
     :    (Judge Kane)
DISTRICT ATTORNEY'S  :
OFFICE, <u>et</u> <u>al.</u>,  :
    Defendants  :

## **MEMORANDUM**

Before the Court are Plaintiff Andre Jacobs ("Plaintiff")'s motion for reconsideration or to compel discovery (Doc. No. 184) and motion for sanctions (Doc. No. 185). Both have been fully briefed and are now ripe for disposition.

**I.**    **BACKGROUND**

Plaintiff's initial complaint named over one-hundred Defendants, primarily officials and employees of the Pennsylvania Department of Corrections ("DOC"). (Doc. No. 1.) The allegations included a large number of claims that spanned Plaintiff's confinement at different state prisons in Pennsylvania,[1] beginning in November of 2008 and continuing up until the filing of this action in late December of 2010. Service of the complaint was directed, and four (4) separate groups of Defendants filed motions to dismiss. (Doc. Nos. 27, 43, 47, 59.) Plaintiff then filed a motion to amend/correct the complaint (Doc. No. 69), which this Court granted on September 18, 2012. (Doc. No. 76.) The Court also denied Defendants' motions to dismiss without prejudice. (Id.)

---

[1] Those Pennsylvania State Prisons include SCI Fayette, located in the Western District of Pennsylvania, as well as SCI Dallas and SCI Coal Township, which are both located in the Middle District of Pennsylvania.

On January 22, 2013, Plaintiff filed an amended complaint.  (Doc. No. 83.)  Thereafter, three groups of the original Defendants filed motions to dismiss and/or strike the amended complaint as improper and in violation of the Court's September 18, 2012 Order.  (Doc. Nos. 84, 87, 95.)  On September 30, 2013, Defendants' motions were granted and Plaintiff's amended complaint was stricken from the record.  (Doc. No. 103.)  However, the Court afforded Plaintiff twenty days to submit a properly-filed second amended complaint.  (Id.)

On March 6, 2014, after the Court granted Plaintiff an enlargement of time to file a second amended complaint (Doc. Nos. 104, 105), Plaintiff submitted a proposed second amended complaint (Doc. No. 113).  Various Defendants subsequently filed a motion to strike (Doc. No. 114), and a motion to dismiss (Doc. No. 116).  On August 7, 2014, the Court granted the motion to strike the second amended complaint, denied the motion to dismiss as moot, and after reviewing the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1994), dismissed Plaintiff's original complaint for failure to prosecute and directed the Clerk of Court to close the case.  (Doc. No. 126.)  Plaintiff then filed a notice of appeal on August 21, 2014.  (Doc. No. 127.)

On October 17, 2014, the Court received a certified Order from the United States Court of Appeals for the Third Circuit, in lieu of a formal mandate, dismissing Plaintiff's appeal for failure to pay fees.  (Doc. No. 129.)  On November 23, 2015, the Third Circuit reinstated the appeal.  (Doc. No. 131.)  Subsequently, the Third Circuit vacated this Court's August 7, 2014 Order that dismissed Plaintiff's original complaint and remanded the case to this Court for further proceedings.  The Third Circuit remanded the case to provide the Plaintiff "one more opportunity to amend his complaint[.]"  Jacobs v. District Attorney of Luzerne Cty., 659 F. App'x 107, 110 (3d Cir. 2016).

This Court then conditionally granted Plaintiff's motion for appointment of counsel and stayed the case for thirty days to afford the Chair of the Federal Bar Association's Pro Bono Committee an opportunity to locate counsel for Plaintiff. On March 6, 2017, the thirty-day period elapsed and no counsel entered an appearance on behalf of Plaintiff. Accordingly, this Court ordered Plaintiff to file an amended complaint in accordance with the directions provided to him by its Memorandum dated September 30, 2013. (Doc. No. 142.)

Plaintiff filed his amended complaint on April 19, 2013. (Doc. No. 143.) Thereafter, four (4) separate groups of Defendants filed motions to dismiss. (Doc. Nos. 144, 148, 155, 161.) In a Memorandum and Order dated March 19, 2018, the Court granted the motions to dismiss filed by Defendants PHS, Chris Meyers, Stanley Bohinski, Brian Davis, District Attorney's Office, David Pedri, Jacqueline Musto-Carroll, MHM Services, Inc., and Dr. Jane Jesse. (Doc. Nos. 167, 168.) The Court also dismissed the claims against Defendant Christopher Wilson with prejudice, and granted in part the DOC Defendants' motion to dismiss as follows: (1) the claims asserted against Defendants Chief Counsel, Bath, Lt. Poper, James Wilk, Philip Walters, Thomas Harrison, Guard Depiero, Robert Care, Lt. Devers, Bradley Scott, Lt. James Eveland, Lt. Stitler, McKeown, Mahally, Cicerchia, MacIntyre, Robowleski, Sgt. Brozowski, Hoover, Leonard, Piepzowski, Rudon, Ellett, McMillian, Dascani, Belles, Emerich, Kepner, Goodwin, Shipe, Tracey Williams, Manchez, Scromski, L.S. Kerns-Barr, Keller, Delbasco, Demming, Brittain, Mooney, Goyne, Rovinski, Starzinski, Lackey, Link, Abrams, Galluci, Hughes, Silvette, S. Tubble, Ellers, Kopec, Pahlidal, Zielen, Barrier, and Keins were dismissed with prejudice; (2) Plaintiff's claim regarding failure to respond to grievances was dismissed with prejudice; (3) Plaintiff's verbal harassment claims were dismissed with prejudice; (4) Plaintiff's Eighth Amendment claims regarding denial of food, showers, and exercise were dismissed with

3

prejudice; (5) Plaintiff's Fourth and Eighth Amendment claims regarding strip searches were dismissed with prejudice; and (6) Plaintiff's claims related to placement on the Restricted Release List were dismissed with prejudice. (Doc. No. 168.)

The remaining Defendants filed an answer to Plaintiff's amended complaint on May 21, 2018. (Doc. No. 171.) On November 16, 2018, Plaintiff filed a motion to compel discovery (Doc. No. 172), arguing that Defendants had ignored his discovery requests, including requests to schedule depositions. Plaintiff included with his brief in support copies of letters he had sent to Defendants' counsel regarding these requests. (Doc. No. 173.) Defendants filed a brief in opposition, asserting that counsel had not received Plaintiff's letters and that Defendants had already responded to Plaintiff's first set of requests for production of documents. (Doc. No. 174.) Defendants subsequently filed a motion for an extension of time to file a dispositive motion. (Doc. No. 176.) In an Order dated January 7, 2019, the Court denied Plaintiff's motion to compel discovery as moot and granted Defendants' motion for an extension of time, directing that dispositive motions be filed on or before March 21, 2019. (Doc. No. 177.)

On February 1, 2019, Plaintiff filed a motion for sanctions (Doc. No. 178) and a motion for reconsideration (Doc. No. 179), seeking reconsideration of the Court's January 7, 2019 Order. In an Order dated February 28, 2019, Magistrate Judge Carlson deemed the motions withdrawn and denied without prejudice because they were not accompanied by a brief explaining Plaintiff's entitlement to such relief, as required by Local Rule 7.5. (Doc. No. 181.)

The remaining Defendants filed a motion for summary judgment on March 21, 2019. (Doc. No. 182.) On April 3, 2019, Plaintiff filed a notice that he was recently paroled from State custody and would be transferred to the Bureau of Prisons on April 3, 2019. (Doc. No. 183.) Plaintiff also resubmitted his motion for reconsideration or to compel discovery (Doc. No. 184),

4

as well as his motion for sanctions (Doc. No. 185), both of which are accompanied by briefs in support. On April 4, 2019, Defendants filed a motion for an extension of time to file a brief in support of their motion for summary judgment (Doc. No. 186), as well as their brief in opposition to Plaintiff's motion for sanctions (Doc. No. 187). In an Order dated April 8, 2019, the Court granted Defendants' motion for an extension of time and directed them to file their brief in support within sixty (60) days. (Doc. No. 188.) Defendants filed their brief in opposition to Plaintiff's motion for reconsideration or to compel discovery on April 17, 2019 (Doc. No. 189), and Plaintiff filed his reply brief on April 29, 2019 (Doc. No. 190).

## II. PLAINTIFF'S MOTIONS

### A. Motion for Sanctions

Plaintiff seeks sanctions against Defendants' counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure, for counsel's "circumvent[ion of] existing DOC mail policy." (Doc. No. 185 at 1.) Plaintiff asserts that for several months, counsel has been sending all filings to him at an address in Florida, "delaying [his] receipt of mail by months." (Id.) In response, Defendants state that mail from counsel is not "legal mail" pursuant to the DOC's policy, set forth in DC-ADM 803, and therefore counsel has correctly mailed all documents to Florida. (Doc. No. 187.)

DC-ADM 803 provides that "[a]ll incoming, **non-privileged** inmate correspondence must be addressed and sent to the Department's contracted central incoming inmate mail processing center," which is Smart Communications located in St. Petersburg, Florida.[2] Privileged mail may be sent directly to the inmate at the institution where he is housed.

---

[2] DC-ADM 803 is available at:
https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf.

5

Incoming privileged mail includes, inter alia, mail from a court as well as "[m]ail from an inmate's attorney that is either hand-delivered to the facility by the attorney or delivered through the mail system and identified with a control number issued to the sender by the Department's Office of Chief Counsel." Here, counsel is not representing Plaintiff; therefore, any mail sent by counsel to Plaintiff is not considered to be privileged mail and must be sent to Plaintiff via Smart Communications in St. Petersburg, Florida. Accordingly, because Defendants were serving Plaintiff correctly, Plaintiff's motion for sanctions (Doc. No. 185) will be denied.[3]

### B. Motion for Reconsideration or to Compel Discovery

In his motion for reconsideration or to compel discovery, Plaintiff asks the Court to reconsider its January 7, 2019 Order denying as moot his previous motion to compel (Doc. No. 177) and to "issue an order directing defendants to meet and confer with [him] about setting dates for [him] to depose defendants of his choice, at his own expense." (Doc. No. 184 at 2.) Plaintiff has attached copies of letters, dated June 4, 2018 and October 18, 2018, that he sent to counsel for Defendants regarding the scheduling of depositions of several DOC employees. (Id. at 3-6.) In response, Defendants assert that counsel never received this correspondence. (Doc. No. 189 at 2.) Defendants also assert that "[t]o the extent Plaintiff seeks to conduct depositions in this matter, the discovery period in this matter closed on or about November 21, 2018, and Plaintiff has not filed a motion to extend this discovery period." (Id.) In his reply brief, Plaintiff maintains that he did seek discovery in a timely manner, and that Defendants refused to respond. (Doc. No. 190 at 1.)

---

[3] Moreover, Plaintiff is now incarcerated at the NOCC in Youngstown, Ohio, and, therefore, is no longer subject to the DOC's mail policy as set forth in DC-ADM 803.

Upon review of the docket, it appears that the Court's January 7, 2019 Order did not specifically address Plaintiff's contention regarding Defendants' failure to respond to his inquiries about scheduling depositions. The Court's Order denied Plaintiff's motion to compel (Doc. No. 172) after observing that Defendants asserted that they had sent responses to his discovery requests on October 24, 2018 and that Plaintiff had not filed a reply brief stating otherwise. (Doc. No. 177.) Accordingly, to the extent Plaintiff seeks reconsideration of that Order for consideration of his arguments regarding depositions, the Court will grant his motion. (Doc. No. 190.)

The Court recognizes that Defendants assert that they never received Plaintiff's correspondence requesting to schedule depositions of several DOC employees. As noted above, however, Plaintiff attached copies of this correspondence to the brief in support of the motion to compel he filed on November 16, 2018. (Doc. Nos. 173-3, 173-4.) Thus, as of that date, Defendants were on notice of Plaintiff's desire to conduct depositions in this matter.

Defendants assert that Plaintiff should not be allowed to conduct depositions because "the discovery period in this matter closed on or about November 21, 2018, and Plaintiff has not filed a motion to extend this discovery period." (Doc. No. 189 at 2.) Defendants are correct that Plaintiff has not filed a motion to reopen and extend the discovery period. However, "[t]hough the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). Summary judgment proceedings are premature when Plaintiff has repeatedly sought to depose DOC employees in order to gather evidence that he could potentially use to oppose a summary judgment motion. See LaBounty v. Coughlin, 137 F.3d 68, 71-72 (2d Cir. 1998) (concluding

7

that the district court erred in granting summary judgment on the inmate plaintiff's claim regarding quality of drinking water because the plaintiff's inability to provide certain evidence resulted from the defendants' failure to respond to discovery). Accordingly, the Court will grant Plaintiff's motion to compel (Doc. No. 184) to the extent Plaintiff seeks to reopen the discovery period in order to depose DOC employees. Discovery will be reopened for a period of four (4) months to allow the parties ample time to conduct depositions. Accordingly, Defendants' motion for summary judgment (Doc. No. 182) will be denied without prejudice to Defendants' right to renew it after the close of the reopened discovery period.[4]

## III. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion for sanctions. (Doc. No. 185). The Court will grant Plaintiff's motion for reconsideration or to compel discovery (Doc. No. 184) to the extent that the Court will reopen discovery for a period of four (4) months to allow the parties ample time to arrange the depositions that Plaintiff seeks to conduct. Defendants' motion for summary judgment (Doc. No. 182) will be denied without prejudice to Defendants' right to renew it after the close of the four (4)-month discovery period. An appropriate Order follows.

---

[4] The Court will also vacate its April 8, 2019 Order (Doc. No. 188) directing Defendants to file their brief in support of their motion for summary judgment within sixty (60) days.